## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6    O

## CIVIL MINUTES – GENERAL

Case No.    CV 13-0052-DOC                    Date:  September 9, 2014
            Criminal Case Number: CR 02-0938-DOC

Title: TYLER DAVIS BINGHAM V. UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                          N/A
Courtroom Clerk                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [LACV 1, LACR 6988]**

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Mot." or "Motion") (LACV Dkt. 1, LACR Dkt. 6988).  Upon considering Petitioner's Motion, the government's opposition, (LACR Dkt. 6996), and Petitioner's traverse (LACV Dkt. 10, LACR Dkt. 7077), the Court finds this matter appropriate for resolution without oral argument. Fed R. Civ. P. 78; L.R. 7-15; 28 U.S.C. § 2255(b).  For the reasons described below, the Court DENIES Petitioner's Motion.

## I.    Background

In 2002, a grand jury returned a ten-count indictment charging forty defendants with crimes related to the Aryan Brotherhood ("AB") prison gang.  Indictment (LACR Dkt. 1). A five-month, multi-defendant trial followed.

The jury found Petitioner guilty of the following: (1) one count of violating the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c); (2) one count of conspiracy to violate RICO, 18 U.S.C. § 1962(d); (3) two counts of murder as violent crimes in aid of racketeering (VICAR), 18 U.S.C. § 1959(a)(1); and (4) one count of murder, 18 U.S.C. § 1111.  Judgment and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LACV 13-0052 DOC | Date: September 9, 2014 | |
| | LACR 02-0938 DOC | Page 2 | |

Commitment (LACR Dkt. 4194), at 1. The Court sentenced Petitioner to two sentences of life without the possibility of release, and three sentences of life. *Id.*

Petitioner filed a Motion to Vacate, Set Aside or Correct Federal Sentence (LACV Dkt. 1, LACR Dkt. 6988) on January 4, 2013. On January 8, 2013, the Court ordered a response. Order, Jan. 8, 2013 (LACV Dkt. 3, LACR Dkt. 6990). The Government filed its Corrected Opposition on March 8, 2013 (LACR Dkt. 6996). Petitioner filed his traverse on June 26, 2014 (LACV Dkt. 10, LACR Dkt. 7077).

## II.    Legal Standard

A motion to vacate, set aside, or correct the sentence of a person in federal custody entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id.*

### A.  Ineffective Assistance of Counsel

Petitioner requests relief under 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel ("IAC") in violation of the Sixth Amendment. There is a two prong test to challenge convictions based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985). First is the performance requirement: "'[W]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* at 57 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984)). Second, the defendant must show that "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). This second prong is commonly referenced as the "prejudice requirement."

### B.  Prosecution's Withholding of Exculpatory Evidence

Petitioner also requests relief based on the failure of the prosecution to turn over exculpatory evidence to the defense. The Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963), requires disclosure of all evidence that is favorable to the accused and material to guilt or to punishment. *U.S. v. Bagley*, 473 U.S. 667, 674 (1985). The *Brady* rule is based on the requirement of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.        LACV 13-0052 DOC | Date: September 9, 2014 |
|                 LACR 02-0938 DOC | Page 3 |

due process, its purpose being to ensure that a miscarriage of justice does not occur. *Id*. at 675. The duty to disclose applies even in the absence of a request by the defendant. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Under *Brady*, an inadvertent nondisclosure has the same impact on the fairness of the proceedings as deliberate concealment. *Id*. at 288.

The prosecutor is required to disclose evidence favorable to the accused when its omission is material, that is, when the omission of evidence could affect the outcome of the trial. *United States v. Agurs*, 427 U.S. 97, 108 (1976); *Bagley*, 473 U.S. at 678 (holding that evidence is material when its suppression undermines confidence in the outcome of the trial). In determining what evidence is material, the court must consider whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley*, 473 U.S. at 682. The reviewing court should consider the totality of the circumstances with an awareness of the difficulty of reconstructing an alternate course of events and surmising the consequences. *Id*. at 683.

## III.    Analysis

### A.  Ineffective Assistance of Counsel Claims

Petitioner alleges three claims of ineffective assistance of counsel. Petitioner states as his first IAC claim: ""Denial of Effective Assistance of Counsel by the failure to appeal District Hearing on Outrageous Government Misconduct. The overly restrictive order of witnesses and narrow scope of examination resulted in gross failure to expose how H Unit inmates fabricated evidence to procure testimony in collusion with AUSA Jessner and S/A Halualani that networked other BOP P.C. units in Marion and elsewhere involving numerous BOP SIA/SIS Intelligence personnel." Mot. at 5.

Petitioner's second IAC claim is: "Denial of Effective Assistance of Counsel by failing to call Hostile Witnesses Jessner, Halualani, S.I.S. R. Ellet, et al BOP personnel & inmate witnesses. S.I.S. Rick Ellet is on videotape placing the 'AB Mission Statement' into legal materials that were subsequently catalogued by Special Master Blackshaw (and 'found' the Mission Statement) which then was used by Jessner & Halualani too in construction of the AB RICO conspiracy and resulting Indictment." *Id.*

Petitioner explains in his traverse that then-AUSA Jessner should have been called to testify in order to expose how Jessner "did business." Traverse at 9. Petitioner points to other witnesses' testimony that Jessner determined when to provide funds to witnesses and informants, that Jessner allowed witnesses and informants to see a copy of the grand jury indictment, and that Jessner had once

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      LACV 13-0052 DOC                        Date: September 9, 2014
               LACR 02-0938 DOC                        Page 4

decided to keep a witness off the stand in order to avoid negative testimony about a witness in another of his cases. *Id.* at 9-11.

Petitioner's third IAC claim is: "Denial of Effective Assistance of Counsel in failing to note and object to S.I.U. [sic] Dan Beckwith's obvious conflict of interest when appointed liaison to the Court. As Chief of Intelligence Beckwith knew of the allegations of impropriety between SIS Adams in ADX and SIS Montgomery in Marion and inmate government witnesses Roach, Moore, et al; as chief architect of the Indictment Roach's intimate relationship provides obvious exculpatory material that Beckwith would be forced to acknowledge under oath." Mot. at 5.

Although Petitioner has done more than make conclusory statements, as the government argues, the Court agrees with the government that Petitioner has made an insufficient showing of ineffective assistance of counsel. In each claim, the Court is left wondering what difference Petitioner's counsel's supposed error made in the outcome of the case. Even if everything Petitioner alleged about his counsel's deficiencies is true, Petitioner still must show that there is a reasonable possibility that the outcome of the proceeding would have been different if only his counsel had performed properly. Petitioner has not made that showing. Thus, the Court DENIES his ineffective assistance of counsel claims.

B.  **Prosecution's Withholding of Exculpatory Evidence Claims**

In addition to the IAC claims, Petitioner also claims that the government failed to produce exculpatory material. He claims: "Conviction obtained by the unconstitutional failure of the government to provide favorable and exculpatory material. Testimony at trial established Roach and the H Unit inmates had access to computers, laptops, and SIA/SIS files that were not disclosed; H Unit is the birthplace of the 110 page capital indictment – yet the AB Mission Statement (produced on a font-type not available to BOP inmates) was 'found' by SIS personnel in Marion." Mot. at 5.

Here as well, it is unclear from Petitioner's papers how it could have made a difference in the outcome of the case even if the government had turned over the computer used by H unit inmates in discovery. Similar to ineffective assistance of counsel claims, petitioners making *Brady* claims must show that there is a reasonable chance that the result of the proceeding would have been different, had the government disclosed the evidence to the defense,. *Bagley*, 473 U.S. at 682. Since Petitioner has not made this showing, the Court DENIES Petitioner's *Brady* claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LACV 13-0052 DOC | Date: September 9, 2014 | |
| | LACR 02-0938 DOC | Page 5 | |

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 542 (2000) (internal quotation marks omitted).

Here, Petitioner has not made the requisite showing with respect to any of the constitutional claims in the Petition. Accordingly, a certificate of appealability is DENIED.

## V.    Disposition

The Motion and the files and records of this case conclusively show that Petitioner is not entitled to relief. Thus, the Court decides the claims without a hearing, 28 U.S.C. § 2255(b). The Court DENIES Petitioner Bell's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Additionally, the Court DENIES the certificate of appealability.